Mr. Chief-Justice Waite
delivered the opinion of the court:
On the 8th of June, 1872, Congress passed the following act:
“AN ACT referring the claim of the heirs and legal representatives of Colonel Francis Yigo, deceased, to the Court of Claims for adjustment.
aBe it enacted by the Senate and Souse of Representatives of the United States of America in Congress assembled, That the claim ofthe heirs and legal representatives of Colonel Francis Yigo, deceased, late of Terre Haute, Indiana, for money and supplies furnished the troops under the command of General George Kogers Clarke, in the year seventeen hundred and sev *215 enty-eight, during the revolutionary war, be, and the same is hereby, referred, along with all the papers and official documents belonging thereto, to the Court of Claims, with full jurisdiction to adjust and settle the same; and in making such adjustment and settlement, the said court shall be governed by the rules and regulations heretofore adopted by the United 'States in the settlement of like cases, giving consideration to official acts, if any have heretofore been had in connection with this claim, and without regard to the statutes of limitations.”
On the 31st October, 1873, the heirs of Colonel Vigo filed in the Court of Claims their petition against the United States, under the authority of this act, and with their petition filed “ the papers and official documents belonging” to the claim. Judgment was rendered in the action on the 18th January, 1875, against the United States for $49,898.60. From this judgment the United States asked the Court of Claims for the allowance of an appeal to this court, which was refused. The present application is for a mandamus from this court directing the judges of that to allow the appeal.
The Court of Claims, by the terms of the act under which it is organized, has jurisdiction, among other things, to hear and determine all claims which may be referred to it by either House of Congress. (10 Stat. L., 612; Bev. Stat., § 1059.) All petitions and bills praying or providing for the satisfaction of private claims founded upon any law of Congress, or upon any contract expressed or implied with the Government, are required to be transmitted, with all the accompanying documents, to the Court of Claims by the Secretary of the Senate or the Clerk of the House of Representatives, unless otherwise ordered by a resolution of the. House in which they are introduced. (12 Stat. L., 765; Bev. Stat., § 1060.) In all cases of final judgments by the Court of Claims, the sum due thereby is to be paid out of any general appropriation made by law for the payment and satisfaction of private claims, on presentation to the Secretary of the Treasury of a copy of the judgment. {12 Stat. L., § 766; Bev. Stat., § 1089.) By the Act June 25,1868, (15 Stat. L., 75,) in force when the proceedings in .the Court of Claims were commenced in this case, it was provided that an appeal .should be allowed on behalf of the United States ufrom all final judgments of the said Court of Claims adverse to the *216 United States, whether the said judgment shall have been rendered by virtue of the general or special power or jurisdiction of said court.” .This act is substantially re-enacted in section 707 of the Revised Statutes, and, as we think, gives to the United States the right of appeal from the adverse judgment of the Court of Claims in all cases where that court is required by any general or special law to take jurisdiction of a claim made'against the United States and act judicially in its determination.
Upon an examination of the act of Congress under which the court took jurisdiction in this case, we find that the claim, “ along with all the papers and official documents belonging thereto,” was referred to the court “with full jurisdiction to adjust and settle the same.” It i a fact of some significance that the word “referred” is here employed, inasmuch as that is the word used in the act defining the general jurisdiction of the court in respect to claims transmitted by either House of Congress.
It also appears that the bar of the statute of limitations applicable to that court is removed in this case, and that iu some respects the rules of evidence are relaxed. All this would have been unnecessary if the court was not to be governed by the general laws regulating its practice and jurisdiction, except so far as they might be modified to meet the necessities of this special case. So too we find that no provision is made for the payment of any judgment that might be rendered or for any report from the court to Congress, although it must have been expected that a judgment against the United States was at least possible. Such an omission would hardly have occurred if it had not been supposed that provision for payment had already been made in the general law regulating the payment of all judgments of that court.
From all this we think it manifest that Congress intended to refer this claim to the court for judicial determination and to confer special’power and jurisdiction for that purpose. Such being the case, the right of appeal necessarily follows.
Atocha's Case, (17 Wall., 437, 9 C. Cls. R., 38,) is materially different from this. In that, the claim of Atocha was against Mexico, and the obligation of the United States for its payment grew out of the Treaty of Cuadalnye Hidalgo. By that treaty the United States exonerated Mexico from all demands of their citizens which had previously arisen and had not been decided *217 against that government, and engaged to satisfy them to an amount not exceeding $3,250,000. They also stipulated for the establishment of a board of commissioners to ascertain the validity and amount of the claims, and provided that its awards should be final. On the 14th of February, 1865, Congress passed a special act for the relief óf Atocha, and in. it directed the Court of Claims to examine into his claim and, if found to be just and within the treaty, to fix and determine its amount. The act also directed that the amount adjudicated and determined by that court should be paid out of any money in the Treasury not otherwise appropriated, but the amount to be paid was in no event to exceed the balance of the moneys provided in the treaty for the payment of such claims which re-rnaiued unapplied to that object. The Court of Claims was of the opinion “ that it was the intention of Congress that the court should proceed, not as a court in trying an action against the United States, bid as a commission similar to that provided by the treatyP And this court construed the act as referring the matter u to the court to ascertain a particular fact to guide the Government in the execution of its treaty stipulations,” and held that uas no mode was provided for a review of its action, it must be talcen and regarded as finalP
We think that the return of the judges of the Court of Claims to the alternative writ in this case is not sufficient, and a peremptory mandamus is ordered.