## UNITED STATES *v.* GILLIAT.

### APPEAL FROM THE COURT OF CLAIMS.

No. 535. Submitted October 13, 1896. — Decided October 26, 1896.

It was the intention of Congress, by the language used in the act of August 23, 1894, c. 307, 28 Stat. 424, 487, to refer to the Court of Claims simply the ascertainment of the proper person to be paid the sum which it had already acknowledged to be due to the representatives of the original sufferers from the spoliation, and not that the decision which the Court of Claims might arrive at should be the subject of an appeal to this court; and that when such fact had been ascertained by the Court of Claims, upon evidence sufficient to satisfy that court, it was to be certified by the court to the Secretary of the Treasury, and such certificate was to be final and conclusive.

THIS was one of the claims originating in the depredations committed by French cruisers upon the commerce of American citizens prior to the year 1800, commonly called French Spoliation Claims. Pursuant to the provisions of the act of January 20, 1885, c. 25, 23 Stat. 283, the claim mentioned in this proceeding (among many others of a like nature) was presented to the Court of Claims, and that court made an award, advising the payment of the claim, which was reported to Congress, pursuant to the act above mentioned, and Congress, by the act of March 3, 1891, c. 540, § 4, 26 Stat. 862, 897, 900, appropriated money "to pay the findings of the Court of Claims on the following claims for indemnity for spoliations by the French prior to July 31, 1801," (among others, on page 900,) "on the ship Hannah, Richard Fryer, master, namely, . . . to John A. Brimmer, administrator of John Gilliat, deceased, $35,840.44." By the last clause in the act (page 908) Congress added a proviso as a condition to the payment of the awards mentioned

therein, which reads as follows: "*Provided*, That in all cases where the original sufferers were adjudicated bankrupts the awards shall be made on behalf of the next of kin instead of to assignees in bankruptcy, and the awards in the cases of individual claimants shall not be paid until the Court of Claims shall certify to the Secretary of the Treasury that the personal representatives on whose behalf the award is made represent the next of kin, and the courts which granted the administrations, respectively, shall have certified that the legal representatives have given adequate security for the legal disbursement of the awards."

John A. Brimmer, the administrator to whom, by the act of 1891, the appropriation was ordered to be paid upon the condition above recited, was unable to comply with the same, and Congress by the act of August 23, 1894, c. 307, 28 Stat. 424, 487, enacted "that the sum of $35,840.44, appropriated to be paid to John A. Brimmer, Jr., administrator of John Gilliat, deceased, in the act entitled 'An act making appropriations to supply deficiencies in the appropriations for the fiscal year ending June 30, 1891, and for prior years and for other purposes,' be paid to the person or persons entitled to recover and receive the same, to be ascertained by the Court of Claims upon sufficient evidence and certified to the Secretary of the Treasury." Proceeding under the above enactment, Charles G. Gilliat, the appellee, presented his petition to the Court of Claims for the payment of one third of the sum named, on the ground that he was a grandson of one of the three original sufferers by reason of the seizure of the ship Hannah, above mentioned, and had been duly appointed administrator *de bonis non* of the estate of his grandfather by the chancery court of the city of Richmond and State of Virginia. The Attorney General answered the petition of the claimant, denied the allegations therein, and asked judgment that the petition be dismissed.

Upon the hearing the Court of Claims decided that the petitioner was the administrator of the estate of Thomas Gilliat, who was one of the three members of the firm of Gilliat & Taylor, the original sufferers, and that the peti-

tioner represented the descendants and next of kin of the above-mentioned Thomas Gilliat, and the court certified to the Secretary of the Treasury for payment to such administrator to the extent of one. third of the sum of $35,840.44, appropriated by the act of March 3, 1891, being the sum of $11,946.81, which was the extent of the interest of Thomas Gilliat in the partnership of Gilliat & Taylor.. The Attorney General in his notice of appeal described the certificate of the Court of Claims, which it made to the Secretary of the Treasury, pursuant to the above act of March 3, 1891, as a judgment, and as such assumed to appeal therefrom to the Supreme Court of the United States. The notice of appeal was filed and allowed in open court by the Chief Justice of the Court of Claims, and the record being before this court, a motion was made to dismiss the appeal.

*Mr. Frank W. Hackett* for the motion.

*Mr. Assistant Attorney General Dodge* and *Mr. Charles W. Russell* opposing.

MR. JUSTICE PECKHAM, after stating the case, delivered the opinion of the court.

The appellee moves to dismiss the appeal in this proceeding on the ground that the action of the Court of Claims was conclusive under the special statute of August 23, 1894, c. 307, 28 Stat. 424, 487, providing for the hearing of the question of fact by the court as to what person was entitled to recover and receive the amount appropriated to be paid to John A. Brimmer, Jr., under the act of March 3, 1891, c. 540, § 4. 26 Stat. 862, 900.

We think the appeal should be dismissed. The original act of Congress of January 20, 1885, by which the claimants in the spoliation cases were referred to the Court of Claims, gave no power to that court to enter judgment upon its finding. By section 6 of that act, the finding and report of the court were to be taken merely as advisory as to the law and facts·

found, and were not to conclude either the claimant or Congress. No appeal, therefore, could be taken from the report of the Court of Claims made to Congress under that act. The liability of the government for the payment to those entitled to it of the amount of damages sustained by them by reason of the capture of the ship Hannah and its cargo, owned by the firm of Messrs. Gilliat & Taylor, was found by the Court of Claims and reported to Congress pursuant to the act of 1885, and the appropriation was subsequently made by that body for the payment of such damages. The person to whom the appropriation was made was unable to receive the same, because of his inability to comply with the proviso contained in the act of appropriation. For the purpose of ascertaining the person who might be entitled to recover and receive the sum already appropriated by Congress for the payment of the damages described, Congress passed the act referring to the Court of Claims that single question, and that court, after having ascertained the fact upon sufficient evidence, was by the act directed to certify the same to the Secretary of the Treasury. As the action of the Court of Claims upon the original claim made under the act of 1885 was not the subject of an appeal to this court, but was simply advisory in its nature, the whole matter being left to the discretion of Congress, we think it clear that it was not the intention of that body to permit an appeal from the finding of the Court of Claims upon the subsidiary question as to the particular person to whom the appropriation already made by Congress should be paid.

It was undoubtedly the intention of Congress, by the language used in the act of 1894, to refer to the Court of Claims simply the ascertainment of the proper person to be paid the sum which it had already acknowledged to be due to the representatives of the original sufferers from the spoliation, and it was not intended that the decision which the Court of Claims might arrive at should be the subject of an appeal to this court. We think Congress intended that when such fact had been ascertained by the Court of Claims, upon evidence sufficient to satisfy that court, the fact was to be certified by the

court to the Secretary of the Treasury, and such certificate was to be final and conclusive.

The case resembles in some aspects that of *Ex parte Atocha,* 17 Wall. 439. It differs from *Vigo's case: Ex parte United States,* 21 Wall. 648, because the original claim was never referred to the Court of Claims for such judicial action as should terminate in a judgment, but it was only referred to it by Congress for the purpose of receiving what is termed its advisory conclusions, upon which Congress would proceed in its discretion.

But aside from either of the above cited cases, the nature of the original claim and the manner in which it has been treated by Congress, and the language of the appropriation, as contained in the act of 1894, all clearly lead to the conclusion that Congress intended the decision of the Court of Claims to be final, and that the Secretary of the Treasury should pay upon receipt of the certificate provided for in the act.

The motion to dismiss the appeal is, therefore, granted, and the

*Appeal dismissed.*