271 U.S. 461 (1926)
EX PARTE BUDER.
___, Original.
Supreme Court of United States.
Motion submitted March 1, 1926.
Denied June 1, 1926.
MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS.
*462 Mr. James T. Blair for petitioner.
MR. JUSTICE BRANDEIS delivered the opinion of the Court.
This is a motion by Buder and other taxing officers of the City of St. Louis for leave to file in this Court a petition for a writ of mandamus against the federal District Judge of the Eastern Division of the Eastern Judicial District of Missouri; or, in the alternative, for a writ of certiorari to that court; and for a rule to show cause why such writs should not issue. The purpose of the petition is to compel the District Judge to allow a direct appeal to this Court from a final decree entered by that court on December 7, 1925, against the taxing officers in a suit *463 brought by the First National Bank in St. Louis for a permanent injunction restraining the enforcement of a tax levied upon its stockholders. First National Bank v. Buder, 8 Fed. (2d) 883.
The decree was entered upon a hearing before a single judge. An interlocutory injunction had not been prayed for in the bill or otherwise sought. The taxing officers took an appeal to the United States Circuit Court of Appeals for the Eighth Circuit, which was allowed and is now pending. Then they applied to the District Judge for the allowance also of a direct appeal to this Court, because they were uncertain whether the appeal lay to it or to the Circuit Court of Appeals. The District Judge refused the application, and stated as his reasons, that the appeal had been properly taken to the Court of Appeals, had been allowed and was pending there; and that this Court did not have jurisdiction of the case on appeal. An application for allowance of the appeal was then presented to the Justice of this Court assigned to that Circuit and was denied. Thereupon, within three months after entry of the decree in the District Court, this motion for leave to file a petition for a writ of mandamus was made.
That this Court has power to issue a writ of mandamus to compel a lower federal court to allow an appeal to this Court has long been settled. Ex parte Crane, 5 Pet. 190; United States v. Gomez, 3 Wall. 752, 766. In a few instances the writ of mandamus has issued for that purpose, Vigo's Case, 21 Wall. 648; Ex parte Jordan, 94 U.S. 248; Ex parte Railroad Company, 95 U.S. 221. In other cases where there was reason to believe that an appeal was wrongly denied by the lower court and no other remedy appeared to be available, this Court granted the motion for leave to file the petition and issued a rule to show cause. Mussina v. Cavazos, 20 How. 281: Ex parte Cutting, 94 U.S. 14. Where it was clear that the petitioner *464 had another remedy the motion for leave to file the petition was denied. Ex parte Virginia Commissioners, 112 U.S. 177. The motion should likewise be denied where it is clear that the appeal does not lie, or for other reasons the relief sought by the petition cannot be granted. Ex parte Brown, post, p. 645. Compare In re Green, 141 U.S. 325; Iowa v. Slimmer, 248 U.S. 115. In the case at bar. we deem it clear that there was no right to a direct appeal to this Court. We, therefore, deny the motion for leave to file the petition.
In support of the claim to a direct appeal, it is contended that the injunction complained of was granted on the ground that the state taxing statute violates the federal Constitution. The assignment of errors, which accompanied the petition for allowance of the appeal, alleged that the District Court erred also in not holding unconstitutional a recent federal statute involved. These contentions, if substantial, would have supplied the basis for a direct appeal under § 238 of the Judicial Code before that section was amended by Act of February 13, 1925, c. 229, 43 Stat. 936, 938. But § 238 was so far changed by that Act that now there is no right to such a direct appeal on constitutional grounds unless the case arises under § 266 of the Judicial Code as amended by that Act. Otherwise it must go in the first instance to the Circuit Court of Appeals and may come here only for the review of that court's action.
The suits to which § 266 relates are those in which the relief sought is an "interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such State . . . upon the ground of the unconstitutionality of such statute." In any such suit the application *465 for an interlocutory injunction was required to be heard before three judges and from their decree a direct appeal lay to this Court; but, prior to the Act of February 13, 1925, the final hearing in the suit was had before a single judge. Compare Patterson v. Mobile Gas Co., ante, p. 131. From his decree a direct appeal to this Court could be founded only upon the provisions of § 238 as originally enacted. Shaffer v. Carter, 252 U.S. 37, 44. Where the jurisdiction of the District Court was invoked upon other federal grounds, as well as the one attacking the constitutionality of the state statute, an appeal might be taken to the Circuit Court of Appeals, with ultimate review in this Court if the case was of the class within its jurisdiction. Lemke v. Farmers' Grain Co., 258 U.S. 50, 53. To remove the existing anomaly and to prevent that which would otherwise have resulted from the repealing provisions of the Act of February 13, 1925, that Act further amended § 266, as amended by Act of March 4, 1913, c. 160, 37 Stat. 1013, by adding at the end thereof: "The requirement respecting the presence of three judges shall also apply to the final hearing in such suit in the district court; and a direct appeal to the Supreme Court may be taken from a final decree granting or denying a permanent injunction in such suit." As so amended § 266 also permits a direct appeal to this Court from the final decree in those suits in which the hearing on an application for an interlocutory injunction is required to be before three judges.
First National Bank v. Buder, supra, is not a case of that character because no state statute was assailed as being repugnant to the Federal Constitution. The tax upon the shares in the bank was assessed as of June 1, 1923, for the year 1924. It was assessed pursuant to a statute in force ever since 1889  which had been incorporated as § 12,775 in the Revised Statutes of Missouri of 1919. Prior to the Act of Congress of March 4. 1923, c. 267, 42 Stat. 1499, *466 amending § 5219 of the Revised Statutes of the United States, that statute was confessedly valid and operative.[1] It was then the only method of taxation permitted by the federal law. The Act of 1923 enlarged the scope of the State's power to tax national banks. It authorized the State either to tax the shares of a national bank, or to include dividends derived therefrom in taxable income of the holder thereof, or to tax the income of the bank; and provided that the "imposition by said State of any one of the above three forms of taxation shall be in lieu of the others." In 1917, Missouri enacted a law taxing income which, so far as here material, has remained in force without change. After the 1923 Act of Congress, the State might, in the exercise of the option which that Act conferred, have elected to tax national banks by taxing the income  instead of by taxing the shares as had theretofore been done. The State did not by any new legislation signify its election among the three permissible modes of taxation. Because it had not done so, the District Court held the assessment void and enjoined the taxing officials. Whether it erred in so holding is the question for decision on the appeal.
The claim that the tax is void rests, not upon a contention that the state statute under which it was laid is unconstitutional, but upon a contention that the statute is no longer in force. The State confessedly has the same power to tax the shares that it had before Congress enacted the 1923 amendment. The argument is that, as the State after 1923 had the option to tax either the shares or the income, it must manifest its election and has not done so. Whether, in order to do so, it must enact new legislation depends upon the construction of the Act of Congress. Whether, if this is not necessary, it has manifested its election by the existing legislation, depends upon *467 the construction of the state statutes. But in neither of these questions is the constitutionality of the state statutes involved; and a substantial claim of unconstitutionality is necessary for the application of § 266. See Louisville & Nashville R.R. Co. v. Garrett, 231 U.S. 298, 304. The decree is thus not one from which a direct appeal lies to this Court.
Additional objections to granting the motion for leave to file the petition are suggested, but need not be considered.
Motion denied.
NOTES
[1] Section 5219 of the Revised Statutes has been further amended by Act of March 25, 1926, c. 88, 44 Stat. 223.