## EX PARTE HOBBS, COMMISSIONER OF INSURANCE OF THE STATE OF KANSAS, ET AL.

No. 20, Original. Argued November 25, 26, 1929.—Decided December 9, 1929.

*Mr. John G. Egan,* Assistant Attorney General of Kansas; with whom *Messrs. Wm. A. Smith,* Attorney General, *John F. Rhodes,* Assistant Attorney General, and *Wm. C. Ralston* were on the brief, for petitioners.

*Mr. Robert J. Folonie,* with whom *Messrs. Robert Stone* and *James A. McClure* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a petition for a writ of mandamus directing Judge Pollock, of the District Court of the United States for the District of Kansas, to call to his assistance two other Judges under § 266 of the Judicial Code as amended, (U. S. Code, Title 28, § 380,) to determine the prayer for interlocutory and final injunctions against the petitioners in certain suits. An order to show cause was issued and the Judge has made a return. We are of opinion that the writ must be denied upon the incontrovertible portions of the return, and therefore need to consider nothing else.

One hundred and fifty stock fire insurance companies doing business in Kansas have bills in equity, of which the bill considered in this case is a type, pending in the District Court of the United States for the District of Kansas. These bills allege diversity of citizenship and also that the defendant Commissioner of Insurance, one of the present petitioners, has made an order affecting the rates to be charged for the issue of policies of fire insurance that is confiscatory and contrary to the Fourteenth Amendment, but that if not obeyed he will enforce by revoking the plaintiffs' licenses to do business in Kansas. The bills also allege that the statutes of Kansas as construed to authorize the order are unconstitutional like it and for the same reason. The bills pray for a restraining order *ad interim,* an interlocutory injunction after a hearing before three Judges, and a permanent injunction by final decree.

On April 3, 1928, the parties appeared before the present respondent, and on his suggestion the defendants, the present petitioners, agreed to take no action that

would be subject to restraint by a temporary restraining order, without first giving notice of intention to do so in ample time for the plaintiff to resort to the Court. An order embodying the agreement and stating that the Court therefore refrained from entering any temporary restraining order was entered at that date, and remained in force for over a year. Shortly after the entry the petitioners presented to the Judge a motion to dismiss the suit, on the ground that the matter was *res judicata* by reason of certain proceedings in the State Court, and also for want of equity, which after argument was overruled. On May 10, 1929, the case was referred to a Master to make findings of fact and conclusions of law concerning the issues in the case. This was upon motion of the plaintiff made on May 4. On May 6 the defendants, the petitioners, notified the plaintiff that they would proceed to enforce the rate order on and after May 20, 1929, and on May 7 filed a motion for a hearing before three Judges, on the plaintiff's application for an interlocutory injunction. This came up on May 10 along with the plaintiff's motion to refer to a Master. The plaintiff " definitely stated that it did not intend to press its prayer contained in its bill of complaint "; meaning thereby its prayer for an interlocutory injunction based upon the asserted unconstitutionality of the Statute and rate orders, and the Judge said that the defendants' motion did not pertain to any matter before the Court, and intimated that he was ready to grant a restraining order. A few days later the plaintiff moved for an interlocutory injunction against the cancellation of the licenses of the plaintiff and its agents. The defendants objected and asked the Judge to call in two others. This the Judge declined to do and issued an order restraining the defendants from cancelling licenses because of supposed violations of the rate order in question. The defendants treat this as satisfying the prayers of the bill and requiring three Judges to be within the jurisdiction of the Court to grant.

The Judge knows at least what he intended and supposed himself to do. He states that it appeared to him that the only question before him was the construction of the rate-making statute of Kansas, the plaintiff conceding its constitutionality for the purposes of the motion. He construed the act as not warranting a revocation of licenses for violation of the rate order or for anything that the plaintiff appeared to have done, and says that the injunction granted by him was not granted upon the ground of the unconstitutionality of the statute but restrained only something that by his construction the statute did not allow. We see no reason why the injunction should be held to go further than the Judge says that he intended it to go, or than its express words, or why those words should not be explained as a construction of the statute rather than an adjudication that it is void. But if the injunction is taken as we say that it should be, it is not within Judicial Code, § 266; three Judges were not necessary, and the petitioners have no right to come here. *Ex parte Buder,* 271 U. S. 461. *Moore* v. *Fidelity & Deposit Co.,* 272 U. S. 317. *Smith* v. *Wilson,* 273 U. S. 388. On the other hand as there was jurisdiction of the cases by reason of diversity of citizenship, as well as on the constitutional ground, an appeal lay to the Circuit Court of Appeals if the petitioner thought the Judge's construction wrong. The Judge was clearly right in treating the plaintiffs in the several cases as masters to decide what they would ask and in denying to the defendants, the petitioners, the power to force upon the plaintiffs a constitutional issue which at that moment they did not care to raise. The fact that the bills raised it did not prevent them from presenting a narrower claim and contenting themselves with the granting of that. Other serious difficulties in the way of the petition are set up in the return, but we think that the foregoing answer makes further argument unnecessary.     *Rule to show cause discharged.*

*Mandamus denied.*