## SWEENEY et al. v. STATE BOARD OF PUBLIC ASSISTANCE.

### No. 381 Civil Action.

District Court, M. D. Pennsylvania.

Feb. 5, 1941.

Frank Sweeney, pro. se.

Joseph F. Tedesco, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

Frank Sweeney, one of the plaintiffs in the above civil action, has petitioned for leave to appeal directly to the Supreme Court of the United States from an order of this court dated December 31, 1940. The order from which an appeal is sought ordered judgment entered for defendants, and the order was made after a pre-trial conference upon the merits of the case.

Petitioner bases his right to a direct appeal upon the provisions of section 266 of the Judicial Code, 28 U.S.C.A. § 380. The above suit alleges the unconstitutionality of a regulation of the State Board of Public Assistance, and for this reason jurisdiction of the matter is in the United States District Court. The complaint does not allege the unconstitutionality of the Pennsylvania Public Assistance Law, 1937 Pa.P.L. 2051, 62 P.S.Pa., § 2501 et seq. In fact, the petitioner here has at all times asserted the constitutionality of said statute, because he desires assistance under the provisions of the statute. Petitioner's sole complaint has been that the State Board, in carrying into effect the Pennsylvania Public Assistance

Law, has formulated a regulation which violates his rights guaranteed by the fourteenth amendment to the Constitution of the United States.

At the time of institution of the above suit, plaintiffs filed application for a temporary injunction, to restrain the enforcement, not of the state statute, but of the regulation of the State Board of Public Assistance. January 16, 1940, this application was denied by Albert W. Johnson, United States District Judge for the Middle District of Pennsylvania, who acted in the matter without convening a three-judge court as requested by plaintiffs. The authority for such action is found in Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249, and cases there cited. No appeal has been taken from this order, and the proceedings throughout have been heard and decided by the above named District Judge, acting alone.

■ The suits to which section 266 of the Judicial Code relates, and in which it is necessary to convene a three-judge court, are those in which the relief sought is an "interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a state by restraining the action of any officer of such state in the enforcement or execution of such statute, or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such state * * * upon the ground of the unconstitutionality of such statute": Ex parte Buder, 271 U.S. 461, 464, 46 S.Ct. 557, 558, 70 L.Ed. 1036. The Supreme Court of the United States has interpreted this section of the Judicial Code to mean that where the constitutionality of a board regulation is attacked, a three-judge court does not need to be convened unless the complaint also attacks the constitutionality of the statute pursuant to which the administrative board has formulated its order: Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Ex parte Hobbs, 280 U.S. 168, 50 S. Ct. 83, 74 L.Ed. 353; Ex parte Williams, 277 U.S. 267, 48 S.Ct. 523, 72 L.Ed. 877; Ex parte Buder, 271 U.S. 461, 46 S.Ct. 557, 70 L.Ed. 1036.

■ Section 266 of the Judicial Code provides for direct appeal to the Supreme Court only in the cases brought under that section, and since it is clear from the above that plaintiffs' action here is not, and never has been, within the purview of that section,

it logically follows that an appeal from the decision of this court can not be founded on the provisions of said section.

It further appears to the court that plaintiffs have at all times throughout these proceedings had full and fair opportunity to be heard and have been so heard, and further that the decision of this court heretofore made was just and proper, and that, therefore, there is no merit in petitioner's appeal.

For the foregoing reasons it is ordered that the petition of Frank Sweeney for appeal in the above cause be, and it is hereby, denied and refused.