Fred WILLIS et al., Plaintiffs,

v.

Harbert WALKER, Superintendent of Public Schools, et al., Defendants.

Civ. A. No. 545.

United States District Court
W. D. Kentucky.

Nov. 30, 1955.

See also 136 F.Supp. 177.

Swinford, J., dissented.

James A. Crumlin, J. Earl Dearing, Louisville, Ky., for plaintiffs.

Parker Duncan, Paul Huddleston, Bowling Green, Ky., Earl Huddleston, Columbia, Ky., for defendants.

Before MILLER, Circuit Judge, and SWINFORD and BROOKS, District Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The plaintiffs, who are Negro school children, residing in Adair County, Kentucky, brought this action in the District Court for the Western District of Kentucky seeking interlocutory and permanent injunctions ordering the defendants, who are the Superintendent of Public Schools of Adair County, Kentucky, the Adair County Board of Education, and the individual members thereof, to immediately admit the plaintiffs and all other Negroes similarly situated to the existing public schools in Adair County without requiring them to attend any particular public school because of their race.

The complaint alleges that certain of the plaintiffs satisfy all requirements for admission to the High School of Adair County and that certain other plaintiffs satisfy all requirements for admission to the elementary school of Adair County; that on August 29, 1955 they were received and registered in the high and elementary schools of Adair County, Columbia District; that on August 30, 1955 the principals of the schools, acting under orders of the Superintendent and the Board of Education ejected the plaintiffs and all Negro children who had previously registered therein, solely because they were of the Negro race and color; and that the Board has refused to integrate the only schools within its jurisdiction, although there are no local problems preventing immediate integration. Jurisdiction is invoked under Section 1331, Title 28, U.S.Code, giving district courts original jurisdiction of civil actions arising under the Constitution or laws of the United States when the statutory amount is in controversy, and also under Sections 1981 and 1983, Title 42, U.S.C.A., which provide for equal rights under the law and for civil actions for deprivation of constitutional or statutory rights, and Section 1343, Title 28, U.S.Code, which confers upon the District Courts original jurisdiction of civil actions to redress the deprivation, under the color of any State law or custom, of equal or civil rights provided by the Constitution or by any act of Congress.

The answer admitted that the plaintiffs were qualified students and the allegations with respect to the registration and ejection of the plaintiffs on August 29th and 30th, but denied the allegation that the Board had refused to integrate the only schools within its jurisdiction although there were no local problems preventing immediate integration. It affirmatively alleged that due to the overcrowding of existing school buildings and inadequacy of transportation facilities there were local problems preventing immediate integration; that the defendants were proceeding with a plan to expeditiously overcome or alleviate such local problems, the details of which were therein set out, which anticipated the complete desegregation of white and Negro children in the public schools of Adair County by the commencement of the school year 1957–58; that it would reasonably require two years for the completion of such plans; and that the interests of both races would be best served by delaying integration until the end of that period. It asked that the injunctions be denied and that the proposed date for the integration of white and Negro pupils in the Adair County School District be approved.

The complaint also attacks the constitutionality of Section 187 of the Constitution of Kentucky and Section 158.020 of the Kentucky Revised Statutes, which in substance require segregation in the public schools in Kentucky. Rely-

ing upon such allegations, jurisdiction is also invoked under Section 2281, Title 28, U.S.Code, which provides that an interlocutory or permanent injunction restraining the enforcement of a state statute by an officer of the state shall not be granted by any district court or judge thereof, upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges as constituted under the provisions of Section 2284, Title 28, U.S.Code. The complaint prays that a three-judge court be convened to hear this case as required by Sections 2281 and 2284, Title 28, U.S.Code.

Such a court was duly convened and has heard the evidence and arguments presented.

■ Before considering the merits of the case it is necessary to decide whether the action is properly one for a three-judge court or should be heard and determined by the single district judge in whose jurisdiction it was filed. The proper determination of such issue controls whether the appeal from a final ruling on the merits goes direct to the Supreme Court or to the Court of Appeals for the Circuit. Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 292 U.S. 386, 391–392, 54 S.Ct. 732, 78 L.Ed. 1318; Ex parte Buder, 271 U.S. 461, 464, 46 S.Ct. 557, 70 L.Ed. 1036.

The general principles giving rise to the congressional requirement for a three-judge court are well stated by the Supreme Court in Ex parte Collins, 277 U.S. 565, 569, 48 S.Ct. 585, 72 L.Ed. 990; Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., supra, and California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323. It was pointed out in those cases that the requirement was imposed because Congress deemed it unseemly that a single district judge should have the power to suspend legislation enacted by a State; that the three-judge procedure was an extraordinary one designed for a specific class of cases sharply defined, which should not be lightly extended; and that such a court is not to be convened, and should not hear the case, unless a substantial question of unconstitutionality is presented. It was also pointed out that the lack of substantiality may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of the Supreme Court as to foreclose the subject. Examples of the restricted application of the procedure in which a three-judge court was not required, are cases involving the construction or application of the statute rather than its constitutionality, Hobbs v. Pollock, 280 U.S. 168, 172, 50 S.Ct. 83, 74 L.Ed. 353; Ex parte Buder, supra, and cases involving the unconstitutional application of the statute although the statute itself is constitutional. Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249; Gully v. Interstate Natural Gas Co., 292 U.S. 16, 54 S.Ct. 565, 78 L.Ed. 1088.

In the present case the defendants by their answer do not plead or rely upon Section 187 of the Constitution of Kentucky or Section 158.020 of the Kentucky Revised Statutes. In answer to the Court's inquiries they freely conceded that such constitutional and statutory provisions are invalid by reason of the Supreme Court's decision in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. Their entire defense is that, recognizing that segregation in the public schools in Adair County is illegal, they are changing from segregation to integration, which transition involves numerous problems of a local nature, and that a reasonable time should be allowed under all the circumstances in the case to complete the transition.

■ In view of the allegations of the answer and the nature of the defense the question of the constitutionality of Section 187 of the Kentucky Constitution and Section 158.020, Kentucky Re-

184

vised Statutes is not in issue in this case. Since the constitutional question is not involved, Section 2281, Title 28, U.S.Code, is not applicable and the three-judge court does not have jurisdiction.

It is true that segregation in the schools in Adair County, Kentucky, has heretofore existed by reason of the constitutional and statutory provisions referred to, and that the present plan of integration results from having operated under those provisions. Plaintiffs contend that the defense relied upon in this case is based upon the second ruling of the Supreme Court in Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, wherein the Supreme Court by its first ruling, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, held unconstitutional school segregation statutes of several states, and that such defense is necessarily dependent upon a ruling that the constitutional and statutory provisions are invalid. We do not agree with that contention. It may or may not be the rule that such a defense is limited to those states where segregation has been compulsory. Even if so limited, it is the fact of segregation in those states which is the basis of the defense, not its constitutionality. The answer in this case relies upon the fact that segregation has existed, without any contention that it was valid. The validity of the defense does not require a ruling that segregation in the past has been illegal.

In our opinion, the three-judge court should be dissolved and the case considered and decided by the District Judge alone. Gully v. Interstate Natural Gas Co., supra; Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., supra; California Water Service Co. v. City of Redding, supra; Public Service Commission of State of Missouri v. Brashear Freight Lines, Inc., 312 U.S. 621, 625, 61 S.Ct. 784, 85 L.Ed. 1083.

SWINFORD, District Judge, did not concur in this opinion.