436 F.2d 1289
 OVERSTOCK BOOK COMPANY, Inc., Appellee-Cross-Appellant,
v.
John L. BARRY, in his capacity as Police Commissioner for
the County of Suffolk Police Department, and George J.
Aspland, in his capacity as District Attorney for the County
of Suffolk, State of New York, Appellants-Cross-Appellees.
 Nos. 432, 433, Dockets 34833, 35620.
 United States Court of Appeals, Second Circuit.
 Argued Nov. 20, 1970.
Decided Dec. 23, 1970.
 
 Floyd Sarisohn, Commack, N.Y., and Robert Eugene Smith, Towson, Md., for appellee-cross-appellant.
 George J. Aspland, Riverhead, N.Y., pro se.
 George W. Percy, Jr., Riverhead, N.Y., for John L. Barry.
 Before KAUFMAN, HAYS and GIBBONS,[1] Circuit Judges.
 GIBBONS, Circuit Judge:
 
 
 1
 This case involves an attack on the constitutionality of the New York obscenity statute. The appellee-cross-appellant is a New York corporation which filed in the district court a complaint, verified on information and belief, and with four supporting exhibits, in which it sought injunctive and declaratory relief and damages from the defendants Barry, Police Commissioner, and Aspland, District Attorney for Suffolk County. Since the constitutionality of certain New York statutes is challenged the Attorney General of the State of New York received notice and appeared. The matter came before the district court on the plaintiff's motions (1) for preliminary injunctive relief more particularly described hereinafter, and (2) for the convening of a three-judge court pursuant to 28 U.S.C. 2281. The defendants and the Attorney General filed motions pursuant to Rule 12(b) Fed.R.Civ.P. to dismiss the complaint for failure to state a claim upon which relief can be granted, for failure to set forth a substantial federal question, and for lack of subject matter jurisdiction. The Attorney General's motion also suggested abstention. All motions were heard by a single district judge who on October 31, 1969 filed an opinion, 305 F.Supp. 842, in which each was discussed, and who on February 17, 1970 entered an order
 
 
 2
 (1) denying plaintiff's motion for a preliminary injunction,
 
 
 3
 (2) denying plaintiff's motion for the convening of a three-judge court,
 
 
 4
 (3) granting a limited final injunction both against the defendants and against the plaintiff with respect to certain seized materials, and
 
 
 5
 (4) dismissing the complaint.
 
 
 6
 The final injunctive order was apparently entered as a result of a stipulation between the parties respecting seized materials which completed the record for purposes of Rule 65(a)(2). The defendants appeal from that part of the order which granted injunctive relief against them. The plaintiff cross-appeals from those parts of the order which denied its motion to convene a three-judge court, which denied the more extensive preliminary and permanent injunctive relief which it sought, and which dismissed its complaint.
 
 
 7
 The events giving rise to the dispute began when a policewoman employed by the Suffolk County Police Department obtained employment with the plaintiff as a receptionist and clerical worker. She was so employed for two weeks. Thereafter she filed a verified information seeking the issuance of a warrant for the arrest of one Robert Brown, president of the plaintiff corporation, on a charge of promoting obscenity in violation of Section 235.05(1) of the New York Penal Law. She also filed a verified application for a warrant for search and seizure of certain described materials located at plaintiff's place of business. The warrant for search and seizure was issued, pursuant to Title II, Code of Criminal Procedure, 791 et seq., after an ex parte examination by a judge of the County Court of Suffolk County, of the policewoman's 32 paragraph affidavit, which described the materials to be seized in graphic detail. The search warrant was executed by officers of the Suffolk County Police Department on April 21, 1969, and on that same date Brown was arrested on the charge of promoting obscenity. On May 15, 1969 the instant complaint was filed.
 
 
 8
 We deal first with the contentions of the plaintiff-cross-appellant.
 
 I.
 The Pending Criminal Charge Against Brown
 
 9
 Brown is not a party to this suit. Plaintiff seeks an injunction against 'further proceeding with the prosecution of employee of petitioner, Robert Brown, in the criminal courts of the State of New York.' The factual basis for plaintiff's claimed right to vindicate Brown's rights is the allegation that '* * * Petitioner has been required to defend an employee (Robert Brown) against unfounded criminal charges * * *.' There is no allegation that Brown threatens to resign as plaintiff's president or leave its employ, or quit the distribution of plaintiff's merchandise. There is no allegation that Brown's prosecution has chilled his ardor for distribution of the publications which New York claims are obscene. No interest of the plaintiff is alleged to be invaded by the pendency of a single criminal charge against Brown other than its obligation, the source of which is unspecified, to retain an attorney for him. Even if Brown were before us 28 U.S.C. 2283 would present a formidable obstacle. Plaintiff suggests on Brown's behalf that we should rule that 42 U.S.C. 1983 is an expressly authorized exception to the anti-injunction statute. Compare Cooper v. Hutchinson, 184 F.2d 119 (3d Cir. 1950), and De Vita v. Sills, 422 F.2d 1172 (3d Cir. 1970), with Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964), cert. denied, sub nom. Chase v. McClain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965), Smith v. Village of Lansing, 241 F.2d 856 (7th Cir. 1957), and Sexton v. Barry, 233 F.2d 220 (6th Cir.), cert. denied, 352 U.S. 870, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956). It is time enough for the Second Circuit to reach that issue, expressly reserved in Dombrowski v. Pfister, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), when someone actually a defendant in a pending criminal proceeding comes before it with a complaint alleging a basis for injunctive relief. The allegation that the instant plaintiff is obliged to pay for Brown's lawyer patently fails to state such a basis. Indeed the plaintiff may have no standing to assert any right, legal or equitable, on Brown's behalf. See Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). In the absence of allegations sufficient to form a basis for injunctive relief, the complaint does not fall within the province of 28 U.S.C. 2281, 2284, and the district court correctly denied injunctive relief without convening a three-judge court. Majuri v. United States, 431 F.2d 469 (3d Cir. 1970), cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (Dec. 7, 1970). Moreover, as will appear hereinafter, aside from the insufficiency of the allegations supporting the need for injunctive relief with respect to Brown's pending prosecution, the claimed illegality of that prosecution raises no substantial federal constitutional question.
 
 II.
 
 10
 Constitutionality of New York Penal Law 235.00
 
 
 11
 Plaintiff seeks a temporary and a permanent injunction against the enforcement of 235.00 of the New York Penal Law on the ground that the definition of obscenity in that statute does not conform with first amendment standards laid down by the Supreme Court. It is said to be both vague and overbroad. Modern constitutional law on the prohibition of obscenity starts, of course, with Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). It continues, through a long series of cases, to Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), which, while prohibiting the proscription of private possession of obscene materials, says, 'Roth and the cases following that decision are not impaired by today's holding.' Id. at 568, 89 S.Ct. at 1249. That 235.00 of the New York Penal Law conforms to the standards of Roth and the cases following that decision is beyond question. The same attacks levied by plaintiff against 235.00 were considered and rejected in Milky Way Productions, Inc. v. Leary, 305 F.Supp. 288 (S.D.N.Y.1969) (three-judge court), aff'd per curiam sub nom. New York Feed Co., Inc. v. Leary, 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed.2d 78 (1970). Where the unsoundness of plaintiff's alleged federal constitutional claim clearly appears from previous decisions of the Supreme Court, a single district judge should dismiss a complaint for injunctive relief without convening a three-judge tribunal. California Water Service Co. v. Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 108, 53 S.Ct. 549, 77 L.Ed. 1062 (1932); Fitzgerald v. Catherwood,388 F.2d 400, 407-408 (2d Cir.), cert. denied, 391 U.S. 934, 88 S.Ct. 1846, 20 L.Ed.2d 854 (1968). Such is the case with plaintiff's attack on the constitutionality of 235.00. See Milky Way Productions, Inc. v. Leary, supra, and cases therein cited, especially Mishkin v. New York, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966). This court has jurisdiction to affirm the single district judge's final order dismissing the action. Gunn v. University Committee to End War in Vietnam, 399 U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684 (1970); Mengelkoch v. Industrial Welfare Commission, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215 (1968); Wilson v. City of Port Lavaca, Texas, 391 U.S. 352, 88 S.Ct. 1502, 20 L.Ed.2d 636 (1968); Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865 (1967); Buchanan v. Rhodes, 385 U.S. 3, 87 S.Ct. 33, 17 L.Ed.2d 3 (1966); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).
 
 III.
 
 12
 Constitutionality of New York Penal Law 235.10(1), (2)
 
 
 13
 The New York obscenity statute prohibits promotion of or possession with intent to promote, any obscene material. 235.05. The statute contains a definition of promotion, 235.00(4), and sets forth, in 235.10 two presumptions:
 
 
 14
 (1) A person who promotes obscene material, or possesses the same with intent to promote it, in the course of his business is presumed to do so with knowledge of its contents and character.
 
 
 15
 (2) A person who possesses six or more identical or similar obscene articles is presumed to possess them with intent to promote the same.
 
 
 16
 Plaintiff contends that these presumptions are unconstitutional in view of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). As the district court points out, plaintiff's complaint does not disclose that it, or even Brown, whose interests it so zealously advances, will ever be in any manner affected by these presumptions. Indeed the essential basis for equitable relief advanced in the complaint is the concession by plaintiff that it is in the business of promoting sale of the materials seized. The State of New York might, if it chose to prosecute plaintiff, rely on this admission or other evidence rather than on any statutory presumption of possession with intent to promote. The affidavit which supported issuance of the search warrant discloses that agents of plaintiff had actual knowledge of the contents of the material seized. No criminal charge is now pending or threatened against the plaintiff in which either presumption could be applied. What we said heretofore about plaintiff's standing to assert Brown's right to an injunction against the pending prosecution is equally applicable to its right to seek injunctive or declaratory relief on his behalf with respect to the statutory presumptions. Even as to Brown it is not alleged that the State in prosecuting him must rely upon the presumptions. We question whether plaintiff's attack on the constitutionality of the statutory presumptions arises in a context sufficiently realistic to meet the case or controversy requirements of Article III.
 
 
 17
 In any event, the same attack upon 235.10(1), (2) was made and rejected in Milky Way Productions v. Leary, supra, 305 F.Supp. at 297. The presumptions set forth in those subsections are not so much presumptions as permissible inferences which may substitute for evidence of intent. Use of such inferences is permissible in criminal cases at least when it can be said beyond a reasonable doubt, and perhaps when it is more likely than not, that the presumed fact flows from the proved fact. Turner v. United States, 396 U.S. 398, 416, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). Judged by either standard, the presumptions of 235.10(1), (2), are more like those approved in Turner v. United States, supra, and United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), than those disapproved in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965), and Leary v. United States, supra.
 
 
 18
 Whether on the ground of the absence of standing in the Article III sense, or on the ground of failure to state a claim for equitable relief, or on the ground that the constitutional validity of 235.10(1), (2) has already been decided, Milky Way Productions, Inc. v. Leary, supra, or on the ground that Turner v. United States, supra and United States v. Gainey, supra, are the controlling precedents, the district court properly refused to convene a three-judge court and properly dismissed the complaint.
 
 IV.
 
 19
 Constitutionality of New York Code of Criminal Procedure 791 et seq.
 
 
 20
 A warrant for search and seizure of specifically described materials was issued after an ex parte examination by a judge of the Suffolk County Court of a detailed affidavit. That affidavit, consisting of 32 paragraphs, is annexed to the complaint as an exhibit. It is quite clearly adequate to have given the county court judge reason to believe that the offense of obscenity, 235.05, was being committed at plaintiff's place of business by plaintiff's possession with intent to promote the materials described. The warrant was issued pursuant to the New York Code of Criminal Procedure 791 et seq. The issuance of a search warrant under the authority of these statutory provisions of general application, ex parte on the basis of an affidavit is apparently the usual course in criminal enforcement in New York. The warrant issues to secure evidence for criminal prosecution.
 
 
 21
 Plaintiff does not contend that 791 et seq. on its face or as applied in most criminal enforcement situations is constitutionally defective. Nor does plaintiff allege that the warrant was procured in bad faith for purposes other than criminal prosecution. Rather, the contention is that no warrant for search and seizure may ever issue to procure evidence for an obscenity prosecution unless there has been a prior adversary hearing in which the materials sought to be seized have been determined to be obscene. Reliance for this position is on Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961), A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964), Bethview Amusement Corp. v. Cahn, 416 F.2d 410 (2d Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 929, 25 L.Ed.2d 101 (1970), and Astro Cinema Corp., Inc. v. Mackell, 422 F.2d 293 (2d Cir. 1970).
 
 
 22
 Marcus and A Quantity of Books both deal with utilization of a warrant for search and seizure as a step in a proceeding looking toward suppression and ultimate destruction of the seized material. No such suppression and destruction is authorized by 791 et seq. Cases dealing with arrests and seizures without any warrant involving ex parte non-judicial determinations of probable obscenity are not directly in point. See, e.g., Cambist Films, Inc. v. Duggan, 420 F.2d 687 (3d Cir. 1969); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968). Here there was a prior judicial screening, albeit ex parte.
 
 
 23
 Bethview and Astro Cinema, however, recognize that at least when applied to the seizure of a print of a motion picture, the effect of execution of a warrant for search and seizure issued under 791 et seq. is precisely the same ex parte total suppression as that condemned in Marcus and A Quantity of Books. To the same effect is Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir.), cert. denied, 396 U.S. 985, 90 S.Ct. 478, 24 L.Ed.2d 449 (1969). Section 791, as applied to seizure of a print of a motion picture from an exhibitor has the immediate effect of withdrawing its availability from substantial numbers of viewers. Such a seizure presents a substantial First Amendment problem.
 
 
 24
 The same constitutional issue presented in Bethview and Astro Cinema is not presented by the application of 791 et seq. to books and magazines. Unlike the seizure of a single print of a motion picture, or the wholesale seizure for destruction condemned in Marcus and A Quantity of Books, the seizure, pursuant to a search warrant, of copies of an allegedly obscene publication does not inevitably have a total and immediate suppressing effect; whether it has that effect depends upon the number of copies seized. And in the absence of such suppression, United States v. Wild, 422 F.2d 34, 39 (2d Cir. 1969), expressly recognizes the legitimacy of seizures of evidentiary samples needed in a criminal prosecution. No case in this court or in the Supreme Court suggests the necessity for a prior adversary hearing before the issuance of warrants for such reasonable searches and seizures.
 
 
 25
 In Astro Cinema Corp., Inc. v. Mackell, supra, 422 F.2d at 298, Judge Kaufman suggested that the question of constitutionality of 791 'as applied' to seizure of a print of a motion picture from an exhibitor was of sufficient substantiality to require convening of a three-judge court. This was so because, as we pointed out hereinabove, in its aplication to such a seizure 791 had the necessary effect of suppressing the film from the view of substantial numbers of potential viewers. In its application to an evidentiary seizure of books or magazines 791 has no such necessary effect. Here we are dealing at most with a claim that by making an overbroad execution of a search warrant the enforcement officials of Suffolk County are administering a constitutional statute in an unconstitutional manner. The determination of such a claim does not require the convening of a three-judge court. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1940); Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1939); Ex parte Hobbs, 280 U.S. 168, 50 S.Ct. 83, 74 L.Ed. 353 (1929). The district court was justified therefore, both in refusing to enjoin use of 791 proceedings in obscenity cases dealing with books and magazines and in refusing to convene a three-judge court to hear that claim. It is appropriate at this point to consider an additional contention plaintiff advances on behalf of the non-party Brown, that a prior adversary hearing must be afforded before an arrest warrant may be issued, or before an arrest may be made, on an obscenity charge. It is not alleged that the defendants are engaging in multiple harassing arrests with the intention of preventing the exercise of First Amendment rights. There is no allegation that Brown's single arrest pursuant to a warrant was in bad faith. It is not alleged that the materials which Brown is charged with promoting have been found by a court not to be obscene. The contention is that in the field of obscenity all steps in the normal processes of the criminal law must await the determination of obscenity in an adversary hearing. No authority has been called to our attention for this proposition. Aside from the question whether the plaintiff is entitled to an advisory opinion on Brown's behalf, we think this contention, too, raises a federal question that is plainly frivolous. Here, too, the district court was justified in refusing injunctive relief and in refusing to convene a three-judge court.
 
 V.
 The Defendants' Appeal
 
 26
 The district court concluded, from an examination of the policewoman's affidavit, that a judge of the Suffolk County Court was justified in issuing the search warrant. He held, and we agree, that this affidavit adequately described materials which were hard-core pornography. The warrant, however, did not specify the number of copies to be seized. Instead of limiting the seizure to a reasonable sample for evidentiary purposes the officers seized 17,500 books, magazines and other materials. The district court held this seizure to be unlawful under the First Amendment. His order directing the return of the seized materials was justified, as well, under the Fourth Amendment. The defendants appeal from the order directing return of the seized materials, arguing that seizure of any quantity of printed materials without a prior adversary hearing is constitutionally permissible if made for evidentiary purposes. There are two fallacies in this argument. First, a seizure of materials obviously not needed for evidence would, under the Fourth Amendment, be prima facie unreasonable. Second, such a seizure would result in the same immediate suppressing effects condemned in Marcus v. Search Warrant,supra, A Quantity of Books v. Kansas, supra, Bethview Amusement Corp. v. Cahn, supra, and Astro Cinema Corp., Inc. v. Mackell, supra. The district court held 791 et seq. to be constitutional, but held the execution of the warrant to be overbroad. It entered an order in the nature of replevin which protected the plaintiff's First and Fourth Amendment rights, while at the same time preserving for the defendants the evidence which was the fruit of the search warrant. This order was proper, and since it did not enjoin the enforcement of a state statute, 28 U.S.C. 2281, was properly entered by a single judge.
 
 
 27
 We have considered all other contentions raised by the parties and in the light of the record find them to be without merit. The order of the district court is in all respects affirmed.
 
 
 
 [1]
 Of the United States Court of Appeals for the Third Circuit, sitting by designation