William C. Brennan, J.
This omnibus motion specifies 10 items of .relief sought by defendants. Thé sixth of such items asks for a hearing to determine the admissibility of any evidence seized from defendants and for an order suppressing the use of such evidence upon the trial. Such item, therefore, is receiving prior consideration. Defendants claim that the issuance of the search warrant and the subsequent seizure were unconstitutional in that they were not preceded by an adversary hearing on the issue of obscenity. In counsels’ memorandum they assume “ that the issuing magistrate was presented with certain publications which he determined ex parte, to be obscene.” The fact is that the policeman’s affidavit submitted for the warrant contains a statement that the named publications and certain invoices ‘ ‘ are submitted with and made a part of this affidavit for judicial review ”, and the warrant is indorsed in writing, apparently that of the Judge, “I have issued this warrant after full inquiry of the officer whose affidavit forms the basis of the application. I have also reviewed the magazines mentioned. See minutes ”, and initialed.
This court cannot agree with defendants’ contention that the distribution of any form of expression alleged to be obscene should be completely undisturbed until an independent determination of obscenity has been made by a judicial officer in an adversary proceeding. The determination of whether or not an adversary proceeding is required depends upon whether or not the seizure constitutes a suppression which, in turn, depends upon the nature and extent of the seizure. In Overstock Book Co. v. Barry (436 F. 2d 1289), Judge Gibbons points out, at page 1294, that the issuance of a search warrant under the authority of the statute (Code Grim. Pro., § 791 et seq.) is for the purpose of securing evidence for criminal prosecution. At page 1295, the court states:
“ The same constitutional issue presented in Bethview and Astro Gi/nema is not presented by the application of § 791 et seq. to books and magazines. Unlike the seizure of a single print of a motion picture, or the wholesale seizure for destruction condemned in Marcus and A Quantity of Books, the seizure, pursuant to a search warrant, of copies of an allegedly obscene *59 publication does not inevitably have a total and immediate suppressing effect; whether it has that effect depends upon the number of copies seized. And in the absence of such suppression, United States v. Wild, 422 F. 2d 34, 39 (2d Cir. 1969), expressly recognizes the legitimacy of seizures of evidentiary samples needed in a criminal prosecution. No case in this court or in the Supreme Court suggests the necessity for a prior adversary hearing before the issuance of warrants for such reasonable searches and seizures.
“In Astro Cinema Corp., Inc. v. Mackell, supra, 422 F. 2d at 298, Judge Kaufman suggested that the question of constitutionality of § 791 ‘ as applied ’ to seizure of a print of a motion picture from an exhibitor was of sufficient substantiality to require convening of a three-judge court. This was so because, as we pointed out hereinabove, in its application to such a seizure § 791 had the necessary effect of suppressing the film from the view of substantial numbers of potential viewers. In its application to an evidentiary seizure of books or magazines § 791 has no such necessary effect.”
The precise point is fully discussed by the New York Court of Appeals in its recent decision in People v. Heller (29 N Y 2d 319), in which the court, in addition to affirming the trial court and the Appellate Term in concluding that the film “Blue Movie ” is simple pornography unrelieved by any merit, held that a Judge having attended a theatre at which the film was exhibited and, having seen it and concluded that there was probable cause to institute prosecution, properly issued the warrant. The court states (p. 322):
‘ ‘ This independent judicial action met fully the basic rule laid down in Marcus v. Search Warrant (367 U. S. 717) as later analyzed in the several opinions in A Quantity of Books v. Kansas (378 U. S. 205); that the seizure of evidence as obscene, and arrests on this ground, should not be left to the judgment of policemen, but should have judicial supervision.
“ It was noted, on this issue in Marcus, that the warrants for a very large number of magazines and books (11,000 copies) were issued ‘ on the strength of the conclusory assertions of a single police officer, without any scrutiny by the judge of any materials ’ (pp. 731-732). That is certainly not this case. The warrants involved here were preceded by judicial scrutiny and were the result of judicial determination.
“ The additional question is whether the scrutiny should have been followed by an adversary hearing. The Supreme Court has not held that; and its most recent comment on the problem *60 suggests it is not moving in that direction (Lee Art Theatre v. Virginia, 392 U. S. 636 [1968]).”
As the court in the above case (p. 323) stated, the Magistrate ‘ ‘ is deciding, on the warrant question, not guilt or innocence, but the prima facie sufficiency of ground to prosecute based on probable cause. The legal issue of obscenity on the merits of the charge can quickly be determined when the prosecution begins by appropriate motion.”
Thus, it seems quite clear that in the instant application, the Judge who signed the warrant having not only made full inquiry of the officer who made the affidavit but having also examined the magazines was fully justified in signing the warrant authorizing the seizure of six copies of each for evidentiary purposes, without any prior adversary hearing.
It follows that this part of the motion must be, in all respects, denied.
Decision with respect to the other items of relief sought is herewith held in abeyance pending receipt of memorandum of law from the District Attorney.