## LINDE AIR PRODUCTS CO. v. JOHNSON.
### Civ. No. 1445.

District Court, D. Minnesota, Third Division.
Jan. 28, 1948.

The above-entitled cause came before the Court upon the motion of plaintiff for a preliminary injunction enjoining defendant from assuming any jurisdiction with respect to, or of taking any action or procedure upon, the request of the labor organization known as United Electrical, Radio and Machine Workers of America, C.I.O., for investigation and certification of representatives for collective bargaining at the plant of the plaintiff.

In view of the importance of the questions involved, the matter was heard by two judges.

A. Lyman Beardsley and Morley, Cant, Taylor & Haverstock, all of Minneapolis, Minn. (William C. Treanor, of New York City of counsel), appeared in behalf of the plaintiff in support of said motion.

J. A. A. Burnquist, Atty. Gen. and Kent C. Van Den Berg, Asst. Atty. Gen. State of Minnesota, appeared for the defendant in opposition thereto.

Douglas Hall, Wyman Smith, and Kenneth J. Enkel, all of Minneapolis, Minn., filed a brief amicus curiae in behalf of United Electrical, Radio and Machine Workers of America, C.I.O.

Before NORDBYE and JOYCE, District Judges.

PER CURIAM.

The Linde Air Products Company, of Duluth, Minnesota, is engaged in the production and distribution of compressed industrial gases. Its business extends throughout the United States. Raw materials exceeding $50,000 a year are purchased and brought into the State of Minnesota annually, and finished products amounting in value to more than that sum are shipped from the State of Minnesota annually to consumers outside of this State. That it is engaged in interstate commerce affirmatively appears from the petition herein. The United Electrical, Radio and Machine Workers of America, C.I.O., claim the right to represent the majority of the employees at plaintiff's Duluth plant. On No-vember 22, 1947, the Union served upon the Labor Conciliator of Minnesota, Leonard W. Johnson, a request for the investigation and certification of representatives for collective bargaining under Section 16 of the Minnesota Labor Relations Act, M. S.A. § 179.16. A hearing was called by the Conciliator in response thereto for December 5, 1947, and then continued to December 8, 1947, and upon plaintiff's filing a special appearance and a motion for dismissal on the grounds that the request of the Union for certification is not within the jurisdiction of the Minnesota Labor Relations Act because the plaintiff is engaged in interstate commerce and that there is pending a representation proceeding covering the same employees before the National Labor Relations Board, the Labor Conciliator declined to grant the motion and declined to dismiss the petition. It was on or about December 5, 1947, that a petition was filed by plaintiff with the Regional Director of the National Labor Relations Board pursuant to Section 9(c) (1) (B) of the Labor-Management Relations Act, 1947, 29 U.S.C.A. § 159(c) (1) (B). But that petition was dismissed because of the failure of the Union to comply with Sections 9(f), (g) and (h) of that Act, 29 U.S.C.A. § 159 (f–h). Defendant intends to assume jurisdiction of the matter for certification of representatives, and plaintiff now requests an order of this Court for a temporary injunction enjoining the State Labor Conciliator from proceeding with the hearing originally set for December 8, 1947, and postponed because of the temporary restraining order heretofore issued by this Court, and for an order temporarily restraining the Conciliator from assuming any jurisdiction with respect to the petition of the Union for investigation and certification of representatives for collective bargaining at plaintiff's plant.

Defendant contends that the application for a temporary injunction should be denied and the temporary restraining order heretofore issued should be vacated for the following reasons: (1) That the application for a temporary injunction is premature; (2) that the plaintiff has failed to exhaust its administrative remedies; (3) that plaintiff can raise all questions

raised in this action by way of certiorari to the Supreme Court of Minnesota to review any certification that might be made by the State Labor Conciliator; and (4) that there is no showing of injury or damage, actual or threatened, which will support injunctive relief.

In assigning the above reasons as grounds for refusing the issuance of a temporary injunction, defendant has failed to recognize the basic issue presented by plaintiff's petition. Plaintiff is not attacking the constitutionality of the Minnesota Act. Its position is that, as applied to the field of labor relations in interstate commerce, Congress has pre-empted that field. If the Labor Conciliator of Minnesota has no jurisdiction to proceed to determine the appropriate unit for collective bargaining of the employees at plaintiff's plant, it would follow that plaintiff would be required to pursue administrative remedies set up in a tribunal which has no authority under the law to act. In other words, it would seem that plaintiff cannot be required to submit to a hearing before an administrative board if that board has no jurisdiction. And it is no answer to suggest that, by a circuitous and expensive proceeding, plaintiff ultimately might obtain by certiorari a ruling from the State Supreme Court as to the jurisdiction of the State Labor Conciliator herein. It seems, therefore, that at the threshhold we are met with the question: On this showing, does it fairly appear that the Minnesota Labor Conciliator has no jurisdiction to proceed in the instant matter before him?

It should be pointed out that the allegations of plaintiff's complaint are not traversed. They stand admitted on this motion. We must assume, therefore, that plaintiff and its employees are engaged in interstate commerce. The National Labor Relations Board has recognized the petition of the plaintiff, but because of the refusal of the officials of the Union to certify that they are not Communists and that they do not believe in the principles of Communism, etc., has refused, in a notice to plaintiff dated December 11, 1947, to proceed to determine the appropriate bargaining unit for plaintiff's employees under the National Labor Relations Act by reason of the provisions of the Labor-Management Relations Act, 1947. The question is not, however, whether the National Labor Relations Board has acted in determining the appropriate bargaining unit; "rather, it is whether Congress has asserted its power to regulate that relationship." Pittsburgh Rys. Co. Substation Operators and Maintenance Employees' Case, 357 Pa. 379, 54 A.2d 891, 896. By its legislation in the Labor-Management Relations Act, 1947, Congress has usurped the field of labor relations where the employer and employees are engaged in interstate commerce. The determination, therefore, of the appropriate bargaining unit of plaintiff's employees is exclusively within the jurisdiction of the National Labor Relations Act. Any state power in that regard is therefore suspended and cannot be constitutionally exercised. There is no concurrent jurisdiction. This seems to be the clear teaching of the Bethlehem Steel Company case, 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234, the Pittsburgh Railway Company case, 357 Pa. 379, 54 A.2d 891, and the decision of the Third Circuit Court of Appeals in Food, Tobacco, Agricultural, and Allied Workers Union v. Smiley, 3 Cir., 164 F.2d 922. Attention may be directed to the language of the court in the Pittsburgh Railway Company case, which succinctly sets forth the view of that court on the identical question presented herein, page 896 of 54 A.2d: "The criterion to determine validity of the exercise of state power is not whether the agency administering federal law has acted upon the relationship in a given case; rather, it is whether Congress has asserted its power to regulate that relationship. The Pennsylvania Labor Relations Board could not constitutionally entertain the petition for determination of the bargaining unit and certification of a bargaining agent. In so doing, it was acting upon subject matter, regarding which Congress had asserted its power of regulation and jurisdiction over which had properly been delegated to the National Labor Relations Board. It is unnecessary to pass upon other issues presented in these appeals."

Defendant relies on the case of Quest Foundry Company v. International M. & F. W. Union, 216 Minn. 436, 13 N.W.

2d 32. But that decision will not avail defendant herein. There, the Minnesota Labor Conciliator unquestionably had jurisdiction of the proceeding and the administrative remedies available were afforded by a tribunal which had jurisdiction of the issues and of the parties. To urge, therefore, that the plaintiff herein must submit itself to a non-jurisdictional board and pursue the remedies afforded therein before it can apply for equitable relief seems utterly unsound. The damage which will result if plaintiff is required to submit itself to a non-jurisdictional board seems apparent. It would be required to pursue a futile course which would involve time and expense and for which there is no adequate remedy at law. The established relationships of employer and employee are illegally threatened. A. F. of L. v. Watson, 327 U.S. 582, 595, 66 S.Ct. 761, 90 L.Ed. 873. It is entirely probable that irreparable injury would result. To proceed before a State Labor Board which has no jurisdiction, particularly under the circumstances herein, might well frustrate the entire purpose of the National Labor Relations Act and infringe upon plaintiff's rights under the Labor-Management Relations Act, 1947. The temporary injunction prayed for should be, and is, granted. It is so ordered.

Findings of fact and conclusions of law consistent herewith may be presented by plaintiff.

An exception is allowed.