OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION, LOCAL 5-283, Appellant.

v.

ARKANSAS LOUISIANA GAS COMPANY, a corporation, Appellee.

No. 7504.

United States Court of Appeals Tenth Circuit.

May 25, 1964.

John R. Tadlock, Denver, Colo., of Schwoerke & Schwoerke, Oklahoma City, Okl., for appellant.

William D. Curlee, of Lytle Soule & Emery, Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This appeal presents the constantly recurring question whether State intervention in a peaceful labor dispute affecting commerce is precluded by the exclusionary effect of the Labor Management Relations Act of 1947, 29 U.S.C. § 141 et seq.

In this suit by the appellee-employer against the Oklahoma State Board of Arbitration and Conciliation, the District Court held the federal Act exclusive and preemptive, and based upon a finding of irreparable harm and inadequacy of remedy, permanently enjoined the State Board from interfering with the collective bargaining process then underway. The State Board has not appealed. The Union agent of the appellee's employees intervened in support of the State Board action, and has appealed from the final order. We affirm.

The salient facts are not disputed. The employer is an integrated public utility. Its labor relations are subject to the Labor Management Relations Act. When this suit was commenced, it had been negotiating for some time with the Union for a contract covering the wages, hours and conditions of employment for its employees. Approximately twelve full days had been devoted to bargaining between the employer and the Union. At the request of the employer, all meetings had been attended and participated in by the representatives of the Federal Mediation and Conciliation Service. While the parties were thus engaged in peaceful collective bargaining, the Chairman of the State Board notified the parties by registered mail of a meeting of the Board, for the purpose of "investigating a so-called labor dispute between plaintiff and the intervenor, and making public its findings and recommendations for the settlement of the differences between plaintiff and intervenor, pursuant to 40 O.S. § 7." [1] This suit ensued. Federal district court jurisdiction is not disputed, and it is clearly conferred by 28 U.S.C. § 1337, as an action arising out of an Act of Congress regulating commerce. See: General Electric Co. v. Callahan, 1 Cir., 294 F.2d 60.

1. The Oklahoma Constitution provides that "[t]he Legislature shall create a Board of Arbitration and Conciliation in the Department of Labor and the Commissioner of Labor shall be ex-officio chairman." Art. 6, § 21. The Board was apparently created upon statehood, and 40 O.S. § 6 provides: "It shall be the duty of the mayor of any city, and the justice of the peace of any municipal township, whenever a strike or lockout, involving more than twenty-five persons, shall be threatened or has actually occurred within or near such city, or in such municipal township, immediately to communicate the fact to the State Board of Arbitration and Conciliation * * *." 40 O.S. § 7 provides: "Whenever there shall exist a strike or lockout wherein, in the judgment of a majority of said board, the general public shall appear likely to suffer injury or inconvenience by reason of said strike or lockout and neither party to such strike or lockout shall consent to submit the matter or matters in controversy to said State Board of Arbitration and Conciliation in conformity with this Article, then said Board, after first having made due effort, to secure such submission, may proceed of its own motion to make an investigation of all facts bearing upon such strike or lockout and make public its findings, with such recommendations to the parties involved as in its judgment will contribute to a fair and equitable settlement of the differences which constitute the cause of the strike or lookout; and in the prosecution of such inquiry the Board shall have power to issue subpoenas, and when, after the service of such subpoena, the party so subpoenaed fails and refuses to appear before said Board, the said Board shall certify such fact, together with the name of the person subpoenaed, to the district court having jurisdiction of the person subpoenaed; and said court shall thereupon issue its subpoena requiring the party subpoenaed to appear at such time as may be stated in the subpoena to give such testimony as may be required, and upon a failure of the party to answer said subpoena so issued out of said district court, said district court shall proceed as provided by law in cases of contempt. * * * *"

■■ A number of preemption cases involving the sweep and exclusionary effect of the National Labor Relations Act and its successor have reached our highest Court since Allen-Bradley Local, etc. v. Wisconsin Employment Relations Board, 315 U.S. 740, 62 S.Ct. 820, 86 L. Ed. 1154. The law has now developed to the point where it can be said with reasonable assurance that "[w]hen it is clear or may fairly be assumed that the activities which the State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield." San Diego, etc. Union v. Garmon, 359 U.S. 236, 244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775. Otherwise stated, "[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." Ibid, 359 U.S. p. 245, 79 S.Ct. p. 780.

"The law commands the parties to a labor dispute to bargain collectively, by meeting at 'reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment' ". National Labor Relations Board v. Southwestern Porcelain Steel Corp. (10 CA), 317 F.2d 527. See: Amalgamated Ass'n of St. Elec. Ry. & Motor Coach Employees v. Wisconsin Employment Relations Board, 340 U.S. 383, 399, 71 S.Ct. 359, 95 L.Ed. 364. But, they are not required to strike a bargain. Indeed, the whole spirit and tenor of the Labor Management Relations Act is to encourage collective bargaining—not compel or coerce agreement. And, it has been held in situations not unlike ours that State-sanctioned investigation, for the purpose of making and publishing findings and recommendations "with respect to a labor dispute to the end of bringing the pressure of public opinion to bear to force settlement * * *" is coercive and a prohibited State interference with the voluntary collective bargaining process, contemplated and protected by the Labor Relations Management Act. General Electric Co. v. Callahan, supra, 294 F.2d p. 67. And see: Grand Rapids City Coach Lines v. Howlett, D.C., 137 F.Supp. 667.

The State activity was clearly prohibited. The irreparable harm to the collective bargaining process is manifest, and the only adequate remedy available is injunctive relief.

Affirmed.