**METHODIST HOSPITAL OF BROOK-LYN, Plaintiff,**

v.

**The NEW YORK STATE LABOR RE-LATIONS BOARD et al., Defendants.**

No. 74 Civ. 3754 JMC.

United States District Court,
S. D. New York.

Sept. 10, 1974.

Kelley, Drye, Warren, Clark, Carr & Ellis, New York City (Martin D. Heyert, Joel A. Forkosch and Marc L. Silverman, New York City, of counsel), for plaintiff.

Norbert M. Phillipps, General Counsel, New York State Labor Relations Board, New York City (Norbert M. Phillipps, Robert T. Snyder and Ruth Streusand, New York City, of counsel), for State Board defendants.

Murray A. Gordon, P. C., New York City (Murray A. Gordon and Ronald H. Shectman, New York City, of counsel), for defendant union.

MEMORANDUM DECISION

CANNELLA, District Judge:

Plaintiff's application for a preliminary injunction, Fed.R.Civ.P. 65(a), enjoining the defendants from holding or seeking to hold any hearing pursuant to the New York State Labor Relations Act with respect to plaintiff and further enjoining defendants from issuing any certification, decision or other report purporting to resolve any labor dispute or controversy involving the plaintiff and the defendant union or from otherwise proceeding under the New York State Labor Relations Act, is denied. The temporary restraining order heretofore issued by Judge Conner on August 30, 1974 and continued by this Court on September 9, 1974 is hereby dissolved and vacated.

The operative facts giving rise to the present controversy are not in dispute amongst the parties and may be briefly stated. Pursuant to the filing of a petition by the Committee of Interns and Residents [hereinafter "the Union"] on May 1, 1974, the New York State Labor Relations Board [hereinafter "the State Board"] issued, over the objection of plaintiff Methodist Hospital [hereinafter "the Hospital"], a memorandum and directive of election dated May 10, 1974 ordering a representation election in a unit of interns, residents, chief residents and fellows [hereinafter "the House Staff"] at the Hospital.

At such election, which was held on June 6, 1974, 108 of a possible 119 ballots were cast in the following fashion: 66 votes for the Union, 1 against the Union and 1 ballot was void. In addition, the Hospital has challenged 40 ballots, those of the chief residents and others of the House Staff that are claimed to be supervisors, fellows and staff members permanently leaving the employ of the Hospital on June 30, 1974. On June 13, 1974, the Hospital served objections to the election upon the State Board. As a result, the State Board ordered a hearing of these objections, which hearing commenced on July 18, 1974 and which was subsequently adjourned to September 4, 1974 by the hearing examiner. The September 4 hearing was cancelled as a consequence of Judge Conner's temporary restraining order and has now been rescheduled for September 11, 12 and 13, 1974.

The basis upon which plaintiff premises the instant application for preliminary injunctive relief has been concisely stated by its counsel in the following terms:

. . . [S]ince August 25, 1974, Public Law 93–360 has entirely pre-empted the jurisdiction of defendant New York State Labor Relations Board . . . over labor disputes of any kind involving non-profit hospitals, such as the Hospital, and has vested such jurisdiction exclusively in the National Labor Relations Board. Consequently, by attempting to proceed with the hearing on the instant case, the [State Board] is seeking to arrogate to itself subject matter jurisdiction in an area in which it unquestionably lacks even a colorable claim of right. While such arbitrary action in excess of power warrants immediate injunctive relief without more, should the [State Board] be allowed to hold hearings, Hospital physicians and administrative personnel will be forced to lose time from their essential patient care duties and to incur expense in order to prepare for and testify in a completely void proceeding that will disrupt labor relations at the Hospital. Such irreparable injury to the Hospital, its patients and to the public at large creates an even greater claim to injunctive relief and bespeaks the need for immediate action by this Court.[1]

For the reasons hereinafter expressed, the Court does not agree with the position asserted by plaintiff and, accordingly, denies the request for preliminary injunctive relief.

1. Plaintiff's Memorandum at 2–3.

## DISCUSSION

It is settled in this Circuit beyond need of citation that a preliminary injunction may issue only upon a finding of certain well-defined circumstances.

The standard which governs the trial court in the determination of whether or not a preliminary injunction should issue is whether or not the moving party has carried the burden of clearly demonstrating a combination of either probable success on the merits and the possibility of irreparable damage, or the existence of serious questions going to the merits and the tipping of the balance of hardships sharply in its favor.[2]

It is therefore the endeavor of this Court in the ensuing paragraphs to determine whether or not the plaintiff has satisfied the burden which is placed upon it by the rule enunciated above.

At the outset, the Court notes that this is not a case in which it is called upon to determine a question of federal preemption in accordance with the settled line of Supreme Court precedent.[3] It is not disputed amongst the parties, nor could it properly be the subject of dispute, that Pub.L. 93–360, 88 Stat. 395 pre-empts the jurisdiction of the State Board with regard to non-profit hospitals such as plaintiff. The clear wording of the statute, which removes the former exemption accorded to such institutions by Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152, can leave no doubt as to the preemptive effect of the amendment.

(a) Section 2(2) of the National Labor Relations Act is amended by striking out "or any corporation or association operating a hospital, if no part of the net earnings inures to the benefit of any private shareholder or individual."

Rather, the motion at bar poses the question of whether, assuming the preemptive effect of which the statute became possessed upon its effectiveness, August 25, 1974, plaintiff has evidenced sufficient legal grounds for the issuance of preliminary injunctive relief; should equity intervene in the situation now extant. As is indicated above, the Court is of the view that equitable relief is not here warranted.

Numerous factors enter into the equation which results in the Court's denial of the instant motion. The legislative history of the new statute which, despite the refusal of Congress to specifically exclude from the operation of Pub.L. 93–360 pre-1947 state laws involving labor relations at non-profit hospitals, clearly demonstrates congressional concern with the problem created by federal preemption of the pre-existing state procedures and evidences a desire by the members of Congress to vest within the discretion of the National Labor Relations Board any decision concerning what, if any, jurisdiction might be ceded to or retained by the state bodies,[4] bears strongly against plaintiff's position. The remarks of numerous congressmen indicate an intent by Congress to allow the NLRB to exercise its authority pursuant to §§ 10(a) and 14(c), 29 U.S.C.

---

2. American Brands, Inc. v. Playgirl, Inc., 498 F.2d 947, 949 (2 Cir. 1974). Plaintiff urges upon the Court a different standard for the issuance of injunctive relief, apparently in reliance upon International Union, UAW v. N.L.R.B., 449 F.2d 1046, 1051 (D.C.Cir. 1971). The Court finds the plaintiff's reliance misplaced in that the standard enunciated by the UAW court is clearly limited to instances where the government, or a governmental agency, such as the Board, is the party seeking injunctive relief.

3. See, e. g., Motor Coach Employees v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.

2d 473 (1971); San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1958); Garner v. Teamsters Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953). See generally, discussion, C. Morris, The Developing Labor Law at 782 et seq. (1971 and Supps. 1971 and 1972).

4. See, 120 Cong.Rec. 4597–4599 (Daily Ed. May 30, 1974) (remarks of Mr. Quie); 120 Cong.Rec. 6991 (Daily Ed. May 2, 1974) (remarks of Mr. Mondale); 120 Cong.Rec. 7311 (Daily Ed. May 7, 1974) (remarks of Mr. Humphrey).

§§ 160(a) and 164(c), with regard to the cession of jurisdiction over non-profit hospitals to state boards, such as those in New York and Minnesota,[5] and the NLRB has expressly recognized its function in this regard.[6]

A second factor of significant impact to the present application is found in the position adopted by the General Counsel to the NLRB, who, in recognizing the problem presented by transitional cases arising as the result of Pub.L. 93–360, such as that at bar, has stated:

> Charges may also be filed concerning previously uncovered institutions where proceedings covering the matter are pending before a state agency. Each such case will have to be individually evaluated to ascertain the specific facts, the stage of any ongoing state proceedings and the possible prospective effects of continuation of the state proceedings.[7]

Thus, it can well be said that the NLRB has recognized the problem at bar and has adopted an approach whereby, at least during the transitional period, all state action is not to be regarded as foreclosed.[8]

■ As the Union postulates in its brief, owing to the exigencies of the transition period the Board may act upon several options, any one of which

may be said to be in accord with both the legislative history of the amendment and the position taken by the General Counsel:

> (1) Whether to cede jurisdiction in states such as Minnesota and New York with respect to all aspects of hospital labor relations; (2) whether to cede jurisdiction in those states only with respect to certain aspects of the law of such states . . . (3) whether to cede jurisdiction in those states in pending proceedings.[9]

Of course, the NLRB may decide to cede no jurisdiction at all to state agencies, however, the Court finds such decision to be within the primary jurisdiction of the Board and not a proper subject for determination by this Court.

A third factor warranting consideration on the motion is the availability of other remedies to plaintiff before the NLRB, which remedies are of a nature far less drastic than that now sought. One such remedy is that provided for in the NLRB rules and regulations whereby the Board renders an advisory opinion stating whether it will or will not assert its jurisdiction with respect to a matter pending "before any court or any agency of any state";[10] a remedy ideally suited for the present dispute. Indeed, plaintiff has recognized the availability

---

5. *See*, 119 Cong.Rec. 7, 311 (Daily Ed. May 7, 1974) (remarks of Mr. Taft); 119 Cong. Rec. 12, 104–105 (Daily Ed. July 10, 1974) (colloquy of Messrs. Mondale and Williams); 120 Cong.Rec. 6, 392–393 (colloquy of Messrs. Thompson and Quie) (Daily Ed. July 11, 1974).

6. Office of the General Counsel to the National Labor Relations Board, Memorandum No. 74–49 at 32, n. 10.

7. *Id.* at 35.

8. It is because of the transitional period now extant and the uncertainties in the administration of the federal act as regards nonprofit hospitals which are attendant to it (as was recognized by the General Counsel in his Memorandum, *supra*), that the Court finds such cases as Bethlehem Steel Co. v. New York State Labor Relations Board, 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234 (1947); LaCrosse Telephone Corp. v. Wis-

consin Employment Relations Board, 336 U.S. 18, 69 S.Ct. 379, 93 L.Ed. 463 (1948) and New York University, 33 SLRB 394 (1970), clearly distinguishable from the matter at bar.

9. Defendant Union's Memorandum of Law at 16–17.

10. NLRB Rules and Regulations 102.98–102.-114. *See also*, § 9(c)(1)(A) or (B) of the National Labor Relations Act, 29 U.S.C. § 159(c)(1)(A) or (B) (representation proceeding) (the plaintiff has now instituted such a proceeding); NLRB Rules and Regulations 102.60(b) (clarification of the unit). Additionally, if plaintiff, upon certification by the State Board, refuses to bargain with defendant Union, the Union may then file an unfair labor practice charge with the NLRB, thereby causing the issue at bar to be presented to the National Board for resolution.

of NLRB remedies by virtue of its interposition of a representation petition with the Board on September 6, 1974.

Additionally, in light of the State Board's notification to the NLRB of the pendency of the instant application, the federal board's failure to take any position hereon or to otherwise intervene in this proceeding must also be considered by the Court in determining what, if any, position the NLRB takes vis-a-vis the State Board's further conduct of the proceedings before it, as contrasted with the NLRB's potential assertion of exclusive jurisdiction in the matter.[11]

■ A fourth factor considered by the Court upon the present application is the settled policy of the NLRB to accept the results of state representation proceedings, even in instances where such proceedings were conducted by the state agency at a time after its jurisdiction had been preempted by federal law.[12] In any event, the Court views such certification as may issue from the State Board as no more than a declaration of status as between these parties and does not consider it to be of a nature capable of working "irreparable injury" upon plaintiff.

■ Nor can it be said that plaintiff will suffer irreparable injury by proceeding before the state administra-

tive agency, even assuming *arguendo* that such state proceedings are ultimately declared null and void. The law is clear that any inconvenience or expense that might be engendered thereby is insufficient to constitute "irreparable injury".[13] The "injury" alleged by the Hospital as arising from the attendance of its doctors and administrators at a state hearing and such interruption of its normal functions as may be caused thereby is likewise viewed by the Court as no more than *de minimus*.

As contrasted with the "irreparable injury" alleged by the plaintiff, both the State Board and the Union have clearly stated a case for substantial harm inuring to the Union if the present proceedings are delayed.[14] This is a factor which must be considered upon a balancing of the equities attendant to the present situation.

Lastly, it is a questionable proposition of law that this plaintiff is entitled, in any event, to invoke the jurisdiction of this Court in order to secure the injunction now prayed for. As Judge Tenney has stated:

The NLRB is not a party to this action and has not sought to enjoin the State Board. A serious question exists whether plaintiff has standing to seek an injunction against the State

---

11. Letter dated September 4, 1974 from Norbert M. Phillipps, General Counsel, New York State Labor Relations Board to John C. Truesdale, Executive Secretary, National Labor Relations Board.

12. *See, e. g.,* Intalco Aluminum Corp. v. N.L.R.B., 417 F.2d 36 (9 Cir. 1969); N.L.R.B. v. Western Meat Packers, Inc., 350 F.2d 804 (10 Cir. 1965) ("the Board, accordingly, has credited the results of state-conducted elections where such elections contain no irregularities and were sheltered by procedural safeguards of secrecy and fairness."); The Swedish Hospital of Brooklyn v. New York State Labor Relations Board, 87 LRRM 2484, 2485 (E.D.N.Y.1974) ("[I]t [NLRB] can, as it has in the past, recognize a well conducted and fair State Board election.") (oral opinion of Weinstein, D. J.); Cornell University, 183 NLRB 329; T. H. Products, 113 NLRB 1246.

13. *See, e. g.,* Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L. Ed. 638 (1938); Almeida Bus Lines, Inc. v. Curran, 209 F.2d 680 (1 Cir. 1954); *but compare*, General Electric Co. v. Callahan, 294 F.2d 60 (5 Cir. 1961).

The line of cases cited by plaintiff, Oil, Chemical and Atomic Workers Int'l. Union v. Arkansas Louisiana Gas Co., 332 F.2d 64 (10 Cir. 1964); Linde Air Products v. Johnson, 77 F.Supp. 656, 659 (D.Minn.1948); and Grand Rapids City Coach Lines v. Howlett, 137 F.Supp. 667, 674 (W.D.Mich.1955), is clearly distinguishable on several grounds: (1) there exists an adequate remedy at law for plaintiff to invoke, *supra* at n. 10; (2) it is at best uncertain what effect the NLRB might give to the state proceedings; and (3) it is unclear whether the State Board is "a non-jurisdictional" board.

14. *See, e. g.,* Yonkers Raceway, Inc. v. N.Y. S.L.R.B., 79 LRRM 3070 (S.D.N.Y.1972).

Board for the purposes of protecting the jurisdiction of the NLRB.[15]

In short, plaintiff, by the instant motion, seeks that the Court state its own views with regard to the questions raised hereon at a time when the NLRB, upon whom Congress has conferred the jurisdiction at issue, has clearly left the question open and has not sought to assert the jurisdiction conferred upon it by Public Law 93–360. The Court is of the opinion that plaintiff has not satisfied the proper standards for preliminary injunctive relief; it has, as the foregoing paragraphs indicate, demonstrated neither a probability of success on the merits nor a possibility of irreparable harm or otherwise shown that the equities tip sharply in its favor. The resolution of the instant controversy and a determination of what, if any, actions heretofore taken or hereafter to be taken by the State Board are to be given effect, is best left to the NLRB, as it is clearly best suited to determine the proper exercise of its jurisdiction.[16]

## CONCLUSION

For the above specified reasons, plaintiff's application for a preliminary injunction, Fed.R.Civ.P. 65(a) is hereby denied. The temporary restraining order heretofore issued by Judge Conner on August 30, 1974, as extended by the order of this Court dated September 9, 1974, is hereby dissolved and vacated.

The foregoing constitutes the Court's finding of facts and conclusions of law as required by Fed.R.Civ.P. 52(a).

So ordered.

15. *Id.* at 3071. *Cf.*, N.L.R.B. v. Nash-Finch Co., 404 U.S. 138, 92 S.Ct. 373, 30 L.Ed.2d 328 (1971); Amalgamated Clothing Workers v. Richman Bros., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955); but see, General Electric Co. v. Callahan, *supra;* Linde Air Products v. Johnson, *supra.*

16. Following the completion of this memorandum the Court received from the counsel to the State Board a copy of a mailgram from the NLRB to the State Board in which Mr. Truesdale of the NLRB states "NLRB does not consider it appropriate to advise NYSLRB what it should do with subject case . . . .", as well as a copy of a letter from counsel to the State Board to the NLRB. These documents are made a part of the record herein, however, the Court does not view them as having impact upon the decision expressed herein.